<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

AUDREY CARTER,            :
                          :  Civil Action No. 11-439(FLW)
          Plaintiff,    :
                          :
                          :
          v.          :  **OPINION**
                          :
STATE OF NEW JERSEY, et al.,  :
                          :
          Defendants.   :

**APPEARANCES:**

     AUDREY CARTER, Plaintiff <u>pro se</u>
     1701 Salem Road, Apt. N-12
     Burlington, New Jersey 08106

     LUANH LLOYD D'MELLO, ESQ.
     OFFICE OF THE NJ ATTORNEY, STATE OF NEW JERSEY
     DIVISION OF LAW
     25 West Market Street, P.O. Box 112
     Trenton, New Jersey 08625
     Counsel for Defendants, the State of New Jersey and Paula
     Dow

     ROCKY LEE PETERSON, ESQ.
     HILL WALLACK, LLP
     202 Carnegie Center, CN 5226
     Princeton, New Jersey 08543-5226
     Counsel for Defendants Mercer County Prosecutor's Office and
     Assistant Prosecutor John Jingoli

**WOLFSON, District Judge**

    Plaintiff Audrey Carter (hereinafter "Plaintiff"), brings

this action <u>in forma pauperis</u>.  The Court has considered

Plaintiff's application for indigent status in this case and

concludes that she is permitted to proceed <u>in forma pauperis</u>

without prepayment of fees or security thereof, in accordance with 28 U.S.C. § 1915(a).  However, having reviewed the Complaint, filed on January 21, 2011, and the amended Complaint, filed on January 24, 2011, pursuant to 28 U.S.C. § 1915(e)(2), and for the reasons set forth below, this Court finds that this action should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

On May 24, 2011, defendant Mercer County Prosecutor's Office filed a motion to dismiss this action pursuant to Fed.R.Civ.P. 12(b)(6).  Because the Court has screened this action, sua sponte, pursuant to 28 U.S.C. § 1915(e)(2), and has determined that the matter should be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), as set forth below, defendant's motion is hereby rendered moot.

**BACKGROUND**

On September 1, 2009, this Court ordered that Plaintiff "is barred and enjoined from filing any document or pleading of any kind with the Court as a pro se litigant, except in pending litigation, unless Plaintiff (1) first seeks leave of the Court granting Plaintiff written permission to file any such document or pleading and (2) a Judge of the Court grants Plaintiff leave to file such document or pleading."  Carter v. New Jersey State, et al., Civil No. 09-3704 (FLW)(Docket entry no. 6).  Further, in

its September 1, 2009 permanent injunction, the Court established that it would consider granting such approval only if Plaintiff submits to the Court a certification taken under oath stating: "(1) that the complaint is not frivolous or vexatious, nor repetitive or violative of a court order, (2) that all claims presented have never been raised in this Court before and disposed of on the merits, and that it is not barred by principles of claim or issue preclusion, (3) that the proposed filing can survive a challenge under <u>Fed.R.Civ.P.</u> 12, (4) that all facts alleged in the complaint are believed to be true by Plaintiff, (5) that Plaintiff has no knowledge or belief that her claims are for any reason foreclosed by controlling law, and (6) that the pleading is in compliance with <u>Fed.R.Civ.P.</u> 11." (<u>Id.</u>)

In the instant matter, Plaintiff submitted her Complaint and amended Complaint for filing without complying with this Court's September 1, 2009 Order. In particular, Plaintiff brings this action asserting that her civil rights were violated and seeking monetary damages based on general claims of gender, race and disability-based discrimination by the following defendants: the State of New Jersey; Attorney General of New Jersey Paula Dow; the Trenton Public Defender's Office; the Mercer County Prosecutor's Office; Attorney Steve Hallett; Prosecutor Bert Scott; Judge Williams; Public Defender Supervisor Vernon Clash;

and Prosecutor Supervisor John Jingoli.  (Complaint, Caption, opening paragraph).

Plaintiff alleges that these defendants did violate her civil rights, presumably under 42 U.S.C. § 1983, in the Trenton Municipal Court during the months from 2009 through January 13, 2011.  She generally claims that the defendants discriminated against her based on her disabilities, and was shown malice in court.  Plaintiff alleges that she paid for a public defender, provided by the State of New Jersey, who then failed to represent her in court three times.  Plaintiff further alleges that there was a "conflict of interest" due to the public defender's personal and public affiliation with defendant Steve Hallett. She also alleges that the Judge, Prosecutor and public defender did "illegal court proceedings and failed to allow [her] a fair hearing, speedy trial after three court appearances."  (Compl., Cause of Action).

In the brief and amended brief submitted by Plaintiff, she admits that defendant Steve Hallett had filed a complaint against Plaintiff in state court.  It is from this municipal court action that the incidents and allegations derive.[1]

---

[1]  Plaintiff alleges that she had a personal relationship with Hallett, that he had proposed marriage to her, that he had asked her to run an ad in the newspaper about the proposed marriage, which she did, and that he then called the wedding off and married another.  After the ad in the newspaper was published, Hallett filed his complaint against Plaintiff, seeking a restraining order against Plaintiff.  This Court is well

In particular, Plaintiff enumerates the following alleged wrongful conduct by defendants:

(1) violation of freedom to walk.  (2) failure to have a speedy hearing or trial.  (3) differential treatment.  (4) discrimination of gender and disabilities.  (5) failure to give proper representation by the public defenders office after payment during all court hearings.  (6) failure to transfer court case to another county or court without conflict of interest app. 3 times.  (7) illegally forcing defendants to move out of the State to live by showing discrimination by no contact order.  (8) discrimination by Judge, the Plaintiff [Hallett], Prosecutor and public defender comments during court proceedings knowing I was not being properly represented and the defendant was a[n] attorney and a[n] acquaintance.  (9) failure to give a timely hearing.  (10) fair hearing, caused the defendant embarrassment and humiliation in court by prejudice and favoring the plaintiff without [a] hearing each time.  (11) allowed extensive time period six months to bring the case back in for a hearing on January 13, 2011.  (12) asked the defendant questions about legal representation.  (13) the public defenders stated a conflict of interest and still proceeded in court app 3 times after defendant requested the case be moved to another County the first time.  (14) public defenders office failed to talk to me about my case each time and proceeded in court app 3 times.  (15) the prosecutor refused to drop the criminal charges and proceeded when she knew the state had made errors and still proceeded and did not do there [sic] job in having the case move out of County.  (16) Last Judge Williams violated my rights telling me I should of [sic] left a public place after I had been seated, paid for my items and was enjoying

familiar with Plaintiff's frivolous actions against Hallett in the recent past, many of which served as a basis for the Court's issuance of the September 1, 2009 All Writs Injunction Order. Indeed, Plaintiff filed numerous complaints against Hallett that were dismissed for failure to state a claim or because they contained frivolous and/or delusional allegations against him. See See Carter v. New Jersey State, et al., Civil No. 09-512 (AET); Carter v. State of New Jersey, et al., Civil No. 09-1047 (AET); Carter v, United States District Court, et al., Civil No. 09-2314 (JBS); Carter v. New Jersey State, et al., Civil No. 09-3704 (FLW); and Carter v. Judge Brown, et al., Civil No. 10-5714 (FLW).

> myself.  Judge Williams then told me in court on January 13, 2011, after the situation I was in, meaning the charges I was to leave the place, as soon as Attorney Steve Hallett entered.  He wanted my life style confined.

(Plaintiff's Amended Brief, dated January 24, 2011, Docket entry no. 2).

On May 24, 2011, defendant Mercer County Prosecutor's Office filed a motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6).  (Docket entry no. 4).  The motion asserts that the Complaint should be dismissed because the Complaint fails to state a claim upon which relief may be granted, because the prosecutor defendants are entitled to prosecutorial immunity under federal law, and because the prosecutor defendants are entitled to immunities under the New Jersey Tort Claims Act. (Id.).

On July 6, 2011, Plaintiff filed a motion to have all municipal court transcripts heard in Court and added to the record.  (Docket entry no. 9).  On July 8, 2011, Plaintiff filed another motion to allow the use of the municipal court transcripts in this case and for recusal of judges from this case.[2]  Namely, Plaintiff seeks to have this Court and the Honorable Tonianne J. Bongiovanni, U.S.M.J. recuse themselves from this case because it is a "conflict of interest" for them "to handle this civil matter, along with Judge Garrett Brown."

---

[2]  Also on July 8, 2011, Plaintiff filed an application for appointment of counsel.  (Docket entry no. 11).

6

(Docket entry no. 10, at pg. 1).  In her motion, Plaintiff also asserted arguments in opposition to the motion filed by defendant, Mercer County Prosecutor's Office.  Defendant filed a reply brief on July 14, 2011.  (Docket entry no. 13).

On July 18, 2011, Plaintiff filed another letter brief in opposition to defendant's motion to dismiss.  (Docket entry no. 14).  On July 20, 2011, Plaintiff submitted copies of the municipal court transcripts regarding the claims raised in this matter.  (Docket entry no. 15).

On July 21, 2011, Plaintiff filed yet another motion for miscellaneous relief and to add two new parties to this action. (Docket entry no. 16).  The two new parties are the public defenders, Jason Hageman and Dwayne Williamson, who represented Plaintiff at her municipal court hearing dates.  (Id.).

On July 25, 2011, defendant Mercer County Prosecutor's Office filed a supplemental reply letter.  (Docket entry no. 17). Also on July 25, 2011, Plaintiff filed a request for summary judgment.  (Docket entry no. 18).

Plaintiff asks to be awarded damages in the amount of $200,000.00 for pain and suffering, differential treatment and discrimination.  (Complaint, Demand).

**DISCUSSION**

**A.  Standard of Review**

The Complaint by a litigant proceeding in forma pauperis is subject to sua sponte dismissal by the court if the Complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a

complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).  <u>See also</u> <u>Erickson</u>, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).  The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  <u>Id</u>.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  <u>Fed.R.Civ.P.</u> 8(a)(2).[3]  Citing its recent opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), for the

---

[3]  Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  <u>Fed.R.Civ.P.</u> 8(d).

9

proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' "Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. at 1948.  The Supreme Court's ruling in <u>Iqbal</u> emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  <u>Id</u>. at 1949-50; <u>see also</u> <u>Twombly</u>, 505 U.S. at 555, & n.3; <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that <u>Iqbal</u> provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957),[4] that applied to federal complaints before <u>Twombly</u>.  <u>Fowler</u>, 578 F.3d at 210.  The Third Circuit now requires that a district court must conduct the two-part analysis set forth in <u>Iqbal</u> when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [<u>Iqbal</u>, 129 S.Ct. at 1949-50<u>l</u>.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [<u>Id.</u>]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  <u>See</u> <u>Phillips</u>, 515 F.3d at 234-35.  As the Supreme Court instructed in <u>Iqbal</u>, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that

---

[4]  In <u>Conley</u>, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Id</u>., 355 U.S. at 45-46.  Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

> the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

B.   Standard on Motion to Dismiss

Similarly, on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See, e.g., Iqbal, 129 S.Ct. at 1949-50; Twombly, 550 U.S. at 555; Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. Iqbal, 129 S.Ct. at 1950. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will

entitle him or her to relief, not whether that person will
ultimately prevail.  Semerenko v. Cendant Corp., 223 F.3d 165,
173 (3d Cir. 2000), cert. denied, Forbes v. Semerenko, 531 U.S.
1149 (2001).

Thus, for a complaint to survive dismissal under Rule
12(b)(6), it "must contain sufficient factual matter, accepted as
true, to 'state a claim to relief that is plausible on its
face.'"  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at
570).  In determining the sufficiency of a complaint, the Court
must accept all well-pleaded factual allegations in the complaint
as true and draw all reasonable inferences in favor of the non-
moving party.  See Phillips v. County of Allegheny, 515 F.3d 224,
234 (3d Cir. 2008).  But, "the tenet that a court must accept as
true all of the allegations contained in a complaint is
inapplicable to legal conclusions [;][t]hreadbare recitals of the
elements of a cause of action, supported by mere conclusory
statements, do not suffice."  Iqbal, 129 S.Ct. at 1949.
Additionally, in evaluating a plaintiff's claims, generally "a
court looks only to the facts alleged in the complaint and its
attachments without reference to other parts of the record."
Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261
(3d Cir. 1994).

C.   Section 1983 Actions

     Plaintiff appears to assert jurisdiction in this matter

pursuant to 42 U.S.C. § 1983, by alleging generally that the

defendants "[d]id violate [her] civil rights and other rights

within the [Trenton municipal] court during months of 2009

through January 13, 2011." (Compl., "Jurisdiction").  Section

1983 provides in relevant part:

>     Every person who, under color of any statute,
>     ordinance, regulation, custom, or usage, of any State
>     or Territory ... subjects, or causes to be subjected,
>     any citizen of the United States or other person within
>     the jurisdiction thereof to the deprivation of any
>     rights, privileges, or immunities secured by the
>     Constitution and laws, shall be liable to the party
>     injured in an action at law, suit in equity, or other
>     proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

Constitution or laws of the United States and, second, that the

alleged deprivation was committed or caused by a person acting

under color of state law.  West v. Atkins, 487 U.S. 42, 48

(1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir.

1994).

     Consequently, any claim Plaintiff may be asserting against

defendant Steve Hallett must be dismissed because he is not a

state actor.

14

D.  Judicial Immunity

Generally, a judicial officer in the performance of his or her duties has absolute immunity from suit.  Mireless v. Waco, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L. Ed.2d 9 (1991).  This immunity extends to judges of courts of limited jurisdiction, such as New Jersey municipal court judges.  Figueroa v. Blackburn, 39 F. Supp.2d 479, 484 (D.N.J. 1999), aff'd, 208 F.3d 435, 441-43 (3d Cir. 2000).  Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority."  Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L. Ed.2d 331 (1978).  Judicial immunity serves an important function in that it furthers the public interest in judges who are "at liberty to exercise their functions with independence and without fear of consequences."  Pierson v. Ray, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L. Ed.2d 288 (1967).  Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.  Mireless, 502 U.S. at 11.

Courts have repeatedly emphasized the extensive scope of judicial immunity, holding that immunity applies "'however injurious in its consequences [the judge's action] may have proved to the plaintiff'."  Gallas v. Supreme Court, 211 F.3d 760, 769 (3d Cir. 2000)(quoting Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).  "Disagreement with the action taken by the

15

judge ... does not justify depriving that judge of his immunity.... The fact that the issue before the judge is a controversial one is all the more reason that he should be able to act without fear of suit." Stump, 435 U.S. at 363-64. Further, highlighting its expansive breadth, the court explained "the public policy favoring the judicial immunity doctrine outweighs any consideration given to the fact that a judge's errors caused the deprivation of an individual's basic due process rights." Figueroa, 39 F. Supp.2d at 495.

There are two circumstances where a judge's immunity from civil liability may be overcome.  These exceptions to the doctrine of judicial immunity are narrow in scope and are infrequently applied to deny immunity.  The first exception is where a judge engages in nonjudicial acts, i.e., actions not taken in the judge's judicial capacity.  Id.; see also Figueroa, 208 F.3d at 440.  The second exception involves actions that, though judicial in nature, are taken in the complete absence of all jurisdiction.  Mireless, 502 U.S. at 11; Figueroa, 208 F.3d at 440.  Neither exception is applicable in the present case.

In light of the foregoing, Plaintiff's Complaint must be dismissed with respect to the named defendant, Judge Williams of the Trenton Municipal Court.

E.   Prosecutorial Immunity

    Plaintiff also brings this action against state prosecutor defendants, namely, Bert Scott and John Jingoli.  "[A] state prosecuting attorney who act[s] within the scope of his or her duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 410 (1976).  Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  Burns v. Reed, 500 U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

    A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function.  See Kalina v. Fletcher, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); Burns, 500 U.S. at 492-96 (the provision of legal advice to police during pretrial investigation is protected only by

17

qualified immunity); <u>Buckley</u>, 409 U.S. at 276-78 (prosecutor is not acting as an advocate, and is not entitled to absolute immunity, when holding a press conference or fabricating evidence).  <u>See also</u> <u>Yarris v. County of Delaware</u>, 465 F.3d 129 (3d Cir. 2006)(where the Court of Appeals for the Third Circuit presents a detailed and nuanced analysis of when a prosecuting attorney is, and is not, entitled to absolute immunity for allegedly wrongful acts in connection with a prosecution, holding, for example, that a prosecutor is not entitled to absolute immunity for deliberately <u>destroying</u> highly exculpatory evidence, but is entitled to immunity for making the decision to deliberately <u>withhold</u> exculpatory evidence before and during trial, but not after the conclusion of adversarial proceedings).

Here, Plaintiff's meager allegations against Scott and Jingoli plainly fall within the scope of their prosecutorial duties in initiating and pursuing a criminal prosecution against plaintiff.  There are absolutely no allegations that appear to fall outside the scope of their prosecutorial role, and this Court is hard-pressed to find any allegation of wrongdoing or prosecutorial misconduct of any kind.  <u>See</u> <u>Imber</u>, 424 U.S. at 424-47 (finding absolute immunity for prosecutor's knowing use of perjured testimony in judicial proceedings).

Further, to the extent that Plaintiff may be alleging a claim of conspiracy by the prosecutor defendants and others,

including Steve Hallett and the public defender defendants, the
Complaint consists of nothing more than threadbare, conclusory
statements that fail to satisfy the pleading requirements under
Rule 8.  See Iqbal, 129 S.Ct. at 1949-50.  Accordingly, the
claims against the prosecutor defendants, Scott and Jingoli, for
their conduct and actions during the municipal court prosecution
of Plaintiff must be dismissed with prejudice for failure to
state a cognizable claim under § 1983.

F.   Public Defender Defendants

     Next, Plaintiff appears to assert a claim against the Public
Defender's Office, Supervisor Vernon Clash and the individual
assigned counsel, alleging ineffective assistance of counsel
during plaintiff's municipal court criminal proceedings in
violation of her Sixth Amendment rights.  This claim is not
actionable at this time in a § 1983 action.  First, defendants
are not subject to liability under § 1983 because they are not
state actors.  A public defender "does not act under color of
state law when performing a lawyer's traditional functions as
counsel to a defendant in a criminal proceeding."  Polk Co. v.
Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a
lawyer's traditional functions as counsel to a defendant, such as
determining trial strategy and whether to plead guilty, is not
acting under color of state law); Thomas v. Howard, 455 F.2d 228
(3d Cir. 1972) (court-appointed pool attorney does not act under

19

color of state law).  Even if defendants were privately retained lawyers, they would not be subject to liability under § 1983. Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client).

Moreover, even if Plaintiff had pleaded facts establishing that her assigned attorneys were acting under color of state law, any claim concerning a violation of plaintiff's right to effective assistance of counsel must first be raised in plaintiff's ongoing state criminal proceedings.  A federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court. See Younger v. Harris, 401 U.S. 37 (1971).[5]

Therefore, plaintiff's Complaint asserting any liability against the public defender defendants under § 1983, as to an ineffective assistance of counsel claim, must be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).

---

[5]  Further, to the extent that Plaintiff's criminal trial is no longer pending, and she has been sentenced on any state charges, which is not apparent from the Complaint, any claim of ineffective assistance of counsel in this regard must first be exhausted via state court remedies, i.e., by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application, under 28 U.S.C. § 2254, to assert any violations of federal constitutional or statutory law, namely, her claim of ineffective assistance of counsel.  Preiser v. Rodriquez, 411 U.S. 475 (1973).

G.  Claims Against State of New Jersey and Dow

     Finally, this Court will dismiss the Complaint with respect
to defendants, the State of New Jersey, and the N.J. Attorney
General Paula Dow, because Plaintiff has asserted no factual
allegations of any kind, let alone, wrongdoing by these
defendants.  See Iqbal, 129 S.Ct. at 1949-50.  Plaintiff simply
alleges that the defendants violated her civil rights, and that
they did discriminate against her during her municipal court
proceedings.  These bare allegations are nothing more than a
legal conclusion wholly unsupported by any factual allegation,
which is insufficient to state a claim under Iqbal.  See Iqbal,
129 S.Ct. at 1950.

     Moreover, the Complaint against these defendants is barred
under the Eleventh Amendment.  The Eleventh Amendment to the
United States Constitution provides that, "The Judicial power of
the United States shall not be construed to extend to any suit in
law or equity, commenced or prosecuted against one of the United
States by citizens of another State, or by Citizens or Subjects
of any Foreign State."  As a general proposition, a suit by
private parties seeking to impose a liability which must be paid
from public funds in a state treasury is barred from federal
court by the Eleventh Amendment, unless Eleventh Amendment
immunity is waived by the state itself or by federal statute.
See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The

21

Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Thus, based on the doctrine of sovereign immunity, states cannot be sued in federal court, unless Congress has abrogated that immunity or the State has waived it.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).

Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  This immunity extends to state agents or officials when the "action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to sovereign immunity from suit even though individual officials are nominal defendants."  Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 431 (1997).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).  Therefore, "[a]s a matter of law, suits against individuals acting in their official capacities are barred by the Eleventh Amendment."  Holland v. Taylor, 604 F. Supp.2d 692, 699 (D. Del.  2009).  See also Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002).

22

Consequently, the Court will dismiss the Complaint with prejudice, in its entirety, as against the defendants, the State of New Jersey and N.J. Attorney General Paula Dow, pursuant to the Eleventh Amendment.[6]

H.   Preclusion Order

Alternatively, this Court concludes that this action should be dismissed because it was filed in violation of this Court's September 1, 2009 All Writs Injunction Order.   See Carter v. New Jersey State, et al., Civil No. 09-3704 (FLW), Docket entry no. 6.

---

[6]   Additionally, Plaintiff's Complaint against defendant Dow would appear to be based solely on a claim of supervisory liability.  As a general rule, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  See Iqbal, 129 S.Ct. at 1948; Monell v. New York City Dept. Of Social Servs., 436 U.S. 658, 691 (1978)(finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); Robertson v. Sichel, 127 U.S. 507, 515-16 (1888)("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties").  In Iqbal, the Supreme Court held that "[b]ecause vicarious or supervisor liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 129 S.Ct. at 1948.  Thus, each government official is liable only for his or her own conduct.  The Court rejected the contention that supervisor liability can be imposed where the official had only "knowledge" or "acquiesced" in their subordinates conduct.  Id., 129 S.Ct. at 1949.
Here, in the instant Complaint, there are no allegations of any wrongful conduct with respect to defendant Dow, other than a broad allegation based on her supervisory title as Attorney General of the State of New Jersey.  Accordingly, any § 1983 claim must be dismissed as against Dow.

23

I.  <u>Recusal Motion</u>

Plaintiff recently filed a motion to have this Court and the Honorable Tonianne J. Bongiovanni, U.S.M.J. recuse from handling this matter because it is a "conflict of interest... to handle this civil matter, along with Judge Garrett Brown." (Docket entry no. 10, at pg. 1).  This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

Title 28 U.S.C. § 455(a) provides, "[a]ny justice, judge or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The other applicable recusal statute, 28 U.S.C. § 144, provides "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein."[7]  Under 28 U.S.C. § 455(a), it is not the case that a judge should recuse himself

---

[7]  Here, Plaintiff fails to explicitly move under either § 455(a) or § 144.  However, the Court is satisfied that the motion can be analyzed by this Court under both § 455(a) and § 144.  If a recusal motion is made pursuant to § 455, the questioned judge is entitled to rule upon the motion.  If the motion is made pursuant to § 144, another judge must rule on the recusal motion so long as the supporting affidavit meets the "sufficiency test." <u>In re Kensington Int'l Ltd.</u>, 353 F.3d 211, 224 (3d. Cir. 2003).  The Court is satisfied that, because no supporting affidavit was filed by Plaintiff to satisfy the "sufficiency test," this motion for recusal may be ruled upon by this Court.

where, in his/her opinion, sitting would be inappropriate.  The
correct inquiry is whether the judge's impartiality has been
reasonably questioned.  In re Prudential Ins. Co. Of Am. Sales
Practice Litig. Agent Actions (Krell), 148 F.3d 283, 343 (3d Cir.
1998), cert. denied 525 U.S. 1114 (1999).  The alleged prejudice
usually obtains from an extrajudicial source; a judge's prior
adverse ruling alone is not sufficient cause for recusal.
"[J]udicial rulings alone almost never constitute a valid basis
for a bias or partiality motion. ... [They] can only in the
rarest circumstances evidence the degree of favoritism or
antagonism required ... when no extrajudicial source is involved.
Almost invariably, they are proper grounds for appeal, not
recusal."  In re Levi, 314 Fed. Appx. 418, 419 (3d Cir.
2008)(quoting Liteky v. United States, 510 U.S. 540, 555 (1994)).
An alternative means of recusal is governed under 28 U.S.C. §
144, which enables recusal upon timely submission of an affidavit
and supporting certificate of good faith.

The Court of Appeals for the Third Circuit has held that the
challenged judge must determine only the sufficiency of the
affidavit, not the truth of the assertions.  Mims v. Shapp, 541
F.2d 415, 417 (3d Cir. 1976).  The Third Circuit also has held
that the allegations in a § 144 affidavit must convince a
reasonable person of the Judge's partiality.  United States v.

Dansker, 537 F.2d 40, 53 (3d Cir. 1976), cert. denied 429 U.S. 1038 (1977).

Here, Plaintiff has failed to submit a certified or notarized affidavit. Rather, she provides only a motion alleging grounds for recusal based on unsupported, conclusory statement that it is a "conflict of interest [for this Court] to handle this civil matter, along with Judge Garrett Brown." Plaintiff provides no basis for her conclusory statement. Indeed, the motion is completely bare of any factual grounds to support recusal with respect to this Court or with respect to Judge Bongiovanni.

Consequently, this Court is not convinced that recusal is appropriate under either 28 U.S.C. § 455(a) or 28 U.S.C. § 144. The Court declines to recuse itself under § 455, as the Court is not convinced that its impartiality has been reasonably questioned.  The Court is satisfied that a reasonable person would not be convinced of the Court's alleged bias after reading Plaintiff's moving papers.  Plaintiff's motion is simply conclusory and devoid of any factual allegations that would render recusal appropriate.  Liteky, 510 U.S. at 555.  Similarly, removal under 28 U.S.C. § 144 is not appropriate.  Section 144 requires an affidavit of fact that must convince a reasonable person of the Judge's partiality.  Dansker, 537 F.2d at 53. Here, Plaintiff's motion, as stated above, merely concludes that

judicial bias and collaboration has occurred, without including
assertions of fact in support of this conclusion, based only on
the bare assertion that this Court and Judge Bongiovanni sit
along with Judge Brown.  A conclusory affidavit is not sufficient
for recusal.  Smith v. Vidonish, 210 Fed. Appx. 152, 155 (3d Cir.
2006)(holding that conclusory statements in a recusal affidavit
need not be credited).  It is well-established that a court need
not credit conclusory allegations or legal conclusions.  See
Iqbal, 129 S.Ct. at 1949-50.

Moreover, to the extent that Plaintiff makes this
application based on this Court's prior rulings dismissing
several of Plaintiff's earlier-filed actions, such ground is not
a basis for recusal.  A party's disagreement with a Court's
ruling is not a basis for recusal; otherwise any unsuccessful
litigant would be able to disqualify the Judge who rendered the
unfavorable ruling.  In re TMI Litig., 193 F.3d 613, 728 (3d Cir.
1999), cert. denied 530 U.S. 1225 (2000).

Accordingly, as Plaintiff has not met the requirements of 28
U.S.C. § 455(a) or 28 U.S.C. § 144, her motion for recusal must
be denied.

## CONCLUSION

For the reasons set forth above, this Court will dismiss
with prejudice Plaintiff's Complaint, in its entirety, as against
all named defendants, for failure to state a claim upon which

relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's motion for recusal (Docket entry no. 10) is denied. Finally, all other motions filed by Plaintiff and defendants in this action are denied as moot.  An appropriate Order accompanies this Opinion.


    /s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge


Dated: November 22, 2011